Eastern District of Kentucky
FILED

SEP 0 2 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-327-KSF

JORI JONES     PETITIONER

VS:    **MEMORANDUM OPINION AND ORDER**

CHARLES E. SAMUELS, ET AL.     RESPONDENTS

Jori Jones, an individual presently confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI- Manchester"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.[1] He has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENTS

The named respondents are: (1) Charles E. Samuels, the warden of FPC-Manchester, and (2)

---

[1] The petitioner actually lists his address as being the Federal Prison Camp ("FPC") located on the campus of FCI-Manchester.

Cynthia Hanson, the Residential Drug Abuse Program ("RDAP") coordinator at FPC-Manchester.

## CLAIMS

The petitioner states that in 2001 he was convicted of drug and firearm offenses in the United States District Court for the Eastern District of Tennessee. He states that he received a 138-month sentence and did not appeal his sentence.

The petitioner claims that his due process rights have been violated by reason of having been denied a one-year reduction in his federal sentence even if he successfully participates in the RDAP, a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs. 28 C.F.R. §550.57. The Bureau of Prisons ("BOP") has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. §3621(e)(2)(B).

Petitioner states that as a result of his conviction for carrying a firearm in relation to a drug offense, under 18 U.S.C. §924(c), Respondent Cynthia Hanson informed him that he would not be eligible for a one-year reduction in his sentence, even if he participated in the RDAP. Petitioner states that he is being excluded from eligibility from the one-year sentence reduction because he was convicted of carrying a firearm in relation to a drug offense, which the BOP has concluded is a violent offense.

The petitioner acknowledges that he has not exhausted his administrative remedies in connection with his current claims. He argues that because merely "carrying" a firearm is not a violent offense, he should not be denied eligibility for the one-year sentence reduction under 18 U.S.C. §3621(e)(2)(B).

## RELIEF REQUESTED

The petitioner seeks an order from this Court requiring Respondent Charles E. Samuels, the warden of FPC-Manchester, to grant his request for a one-year early release upon successful completion of the RDAP.

## DISCUSSION
### 1. Failure to Exhaust

The instant petition must be dismissed for three reasons. First, the petitioner has failed to exhaust his claims through the appropriate BOP administrative channels. *See Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam) ( §2241 habeas petitioners were required to exhaust *judicially created* administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241); *United States v. Oglesby*, 52 Fed.Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (Only after a federal prisoner seeking §2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§542.10-16 (1997) (and not pursuant to PLRA provision §1997e(a)) may the prisoner then seek §2241 judicial review.).

The judicially created BOP administrative remedies for federal prisoners bringing a 28 U.S.C. §2241 petition are set forth in 28 C.F.R. §§542.10-.16 (1987). Section 542.13(a) demands that an inmate informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy (BP-8 1/2).

The BOP administrative remedy procedure is set forth in 28 CFR §542.13-15. Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a

3

formal written complaint (BP-9) "within fifteen (15) calendar days of the date on which the basis of the complaint occurred." See §542.13(b). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended." 28 C.F.R. §542.15.

The BOP's response times are established in 28 CFR §542.18. "Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id.*

The petitioner admits that he did not pursue the BOP's administrative remedy procedures. That failure alone requires the Court to dismiss the instant petition. *See Campbell v. Barron*, 87 Fed.Appx. 577, 2004 WL 291180 (6th Cir (Ky.) February 12, 2004);[2] *Leslie v. United States*, 89 Fed.Appx. 960, 961, 2004 WL 253362, **2 (6th Cir.(Ky.) February 9, 2004) (not selected for publication in the Federal Reporter) ("Finally, it is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir.1992). Leslie admits that he did not exhaust

---

[2]

The Sixth Circuit stated that ". . .the district court properly dismissed Campbell's petition because Campbell had not exhausted his administrative remedies before filing his petition. Further, the district court was correct in not addressing Campbell's question as to how much good-time credit he is entitled to receive. As Campbell failed to exhaust his available administrative remedies prior to filing his §2241 action, any discussion on the application of §3624 would be premature." *Campbell v. Barron*, 87 Fed.Appx. 577, 2004 WL 291180, **1

4

his available administrative remedies prior to filing his petition. Therefore, the district court also properly dismissed Leslie's petition for his failure to exhaust his administrative remedies. . . ").

### 2. Defendant was Convicted of "Carrying" Firearm

Second, to the extent the petitioner cites and relies on 28 C.F.R. §550.58, his reliance is misplaced. 28 C.F.R. §550.58 originally defined felon in possession as a "crime of violence," thereby rendering inmates convicted of felon in possession status statutorily ineligible for early release. The petitioner is correct in his statement that in response to several federal court decisions rejecting the BOP's categorization of felon in possession as a crime of violence, the BOP revised §550.58 to reflect that being a felon in possession is no longer defined as a crime of violence. *See, e.g., Orr v. Hawk*, 156 F.3d 651 (6th Cir.1997), *modified*, 172 F.3d 411 (6th Cir.1999); *Royce v. Hahn*, 151 F.3d 116 (3d Cir.1998); *Davis v. Crabtree*, 109 F.3d 566 (9th Cir.1997).

The petitioner, however, was convicted of *carrying* a firearm in relation to a drug crime, not merely being a felon in possession of a firearm. In *Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911, 141 L. Ed.2d 111 (1998), the Supreme Court interpreted the statutory term "carry" to mean the firearm must be on the person or accompanying the person, as when "a person . . . knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car . . . ." *Id.* at 126-27, 118 S.Ct. 1911. *See also United States v. Clemons*, 9 Fed.Appx. 286, 290 (6th Cir.2001) (unpublished). After *Muscarello*, the Sixth Circuit concluded that, to constitute a "carrying" offense, the firearm need not be immediately available for use and that "the proper inquiry [in determining whether a firearm is being 'carried'] is physical transportation" of the firearm. *Hilliard v. United States*, 157 F.3d 444, 449 (6th Cir.1998). Therefore, the petitioner's reliance on 28 C.F.R. §550.58 is incorrect, because the petitioner was convicted of

5

*carrying* a firearm, not merely being in *possession* of one.

### 3. No Liberty Interest in Reduced Sentence

Third, even if the petitioner could have overcome the first two obstacles which the Court has previously discussed, his claims suffer from another fatal defect which requires dismissal on the merits. There is no liberty interest in a reduced sentence, and 18 U.S.C. §3621(e)(2)(B) does not afford such an interest. *Lopez v. Davis*, 531 U.S. 230, 239-41 (2001) (noting as significant Congress's use of "may" rather than "shall" in §3621 (e)). The BOP may exclude inmates from early release categorically or on a case-by-case basis. *Id. See also Orr v. Hawk*, 156 F.3d 651, 652 -53 (6th Cir. 1998) ("As an incentive for prisoner participation in such treatment programs, the statute allows an inmate convicted of a "nonviolent offense" to receive a reduction in sentence of up to one year. 18 U.S.C. §3621(e)(2)(B). Nothing in the statute requires the BOP to grant early release to any eligible prisoner. Thus, it suggests that the agency has substantial discretion in its decisionmaking."); *see also Brown v. Scibana*, 86 F.Supp.2d 702, 704 (E.D. Mich. 2000).

In *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950 (6th Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition), Sesi unsuccessfully complained that his wrongful expulsion from a drug treatment program violated his due process rights. The Sixth Circuit concluded that even if an inmate *completes* the RDAP, the BOP was not required to grant him early release. *Id.* at * 2. The Sixth Circuit stated as follows:

> Further, Sesi's contention that his termination from the drug program violated his due process rights is meritless. To support a due process claim, there must be an infringement of a protected liberty interest. *See Fristoe v. R.G. Thompson*, 144 F.3d 627, 630 (10th Cir.1998). *However, there is no liberty interest in a reduced sentence, and §3621(e)(2)(B) does not afford such an interest. Id. Therefore, Sesi's due process claim is without merit.*

6

*Sesi v. U.S. Bureau of Prisons*, 238 F.3d 423 (Table, Text in WESTLAW) 2000 WL 1827950, **1 (6th Cir.(Mich.) December 7, 2000) (Unpublished Disposition) (Emphasis Added).

There is other significant authority for this proposition. *See Hernandez v. Lindeman*, 2002 WL 31163074 (D. Minn. September 24, 2002) (Not Reported in F. Supp.2d) (even if Hernandez had exhausted his administrative remedies concerning his ineligibility to participate in a RDAP, he could not prevail on a due process claim, because §3621(e) does not create a liberty interest cognizable under the Due Process Clause); *Egan v. Hawk*, 983 F. Supp. 858 (D. Minn. 1997) (noting that although §3621 (e)(2)(B) allows the BOP to shorten an inmate's sentence by up to one year, it does not mandate such a reduction; conditional language did not create a liberty interest, relying upon *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed2d 668 (1979)); *United States v. Jackson*, 70 F.3d 874, 878 (6th Cir. 1995) (noting that the BOP has "broad authority to manage the enrollment of prisoners in drug abuse treatment programs" and finding that "it was beyond the District Court's authority to order the defendant's participation in a drug treatment program while incarcerated"). Thus, the Court must dismiss the petition with prejudice.

## CONCLUSION

Accordingly, it is **ORDERED** that this action will be **DISMISSED WITH PREJUDICE**, *sua sponte*, from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.

This the 2nd day of Sept, 2005.

KSF
_____
KARL S. FORESTER, SENIOR JUDGE